**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

|  |  |
|---|---|
| TRICIA VINEYARD, individually, and on behalf of all similarly situated current citizens of Illinois,<br><br>        Plaintiff,<br><br>-v.-<br><br>LA TERRA FINA USA, LLC,<br><br>        Defendant. | Case No. 24-704 |

**DEFENDANT LA TERRA FINA USA, LLC'S**
**<u>NOTICE OF REMOVAL</u>**

**TABET DIVITO & ROTHSTEIN LLC**
Amanda N. Catalano
Daniel L. Stanner
209 South LaSalle Street, 7th Floor
Chicago, Illinois 60604
Telephone: (312) 762-9450
acatalano@tdrlaw.com
dstanner@tdrlaw.com

**COVINGTON & BURLING LLP**
Steven J. Rosenbaum (*pro hac vice forthcoming*)
Dillon H. Grimm (*pro hac vice forthcoming*)
850 Tenth Street, N.W.
Washington, D.C. 20001
Telephone: (202) 662-6000
srosenbaum@cov.com
dgrimm@cov.com

*Attorneys for Defendant*
*La Terra Fina USA, LLC*

Dated:  March 11, 2024

**TABLE OF CONTENTS**

PARTIES ................................................................................................................................ 1

PROCEDURAL HISTORY.................................................................................................... 1

TIMELINESS OF REMOVAL .............................................................................................. 2

BASIS FOR REMOVAL........................................................................................................ 2

I.      The Parties to This Class Action Are Minimally Diverse. ................................................. 2

II.     The Aggregate Amount in Controversy in This Class Action Is Greater Than
        $5,000,000................................................................................................................ 3

REMOVAL PROCEDURES................................................................................................... 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Back Drs. Ltd. v. Metro. Prop. & Cas. Ins. Co.*,
 637 F.3d 827 (7th Cir. 2011) ...................................................................................................5, 6

*Brill v. Countrywide Home Loans, Inc.*,
 427 F.3d 446 (7th Cir. 2005) ...................................................................................................3, 4

*City of E. St. Louis, Illinois v. Netflix, Inc.*,
 83 F.4th 1066 (7th Cir. 2023) ......................................................................................................2

*Dart Cherokee Basin Operating Co. v. Owens*,
 574 U.S. 81 (2014)...................................................................................................................1, 7

*Johnson v. Pushpin Holdings, LLC*,
 748 F.3d 769 (7th Cir. 2014) .......................................................................................................7

*Keeling v. Esurance Ins. Co.*,
 660 F.3d 273 (7th Cir. 2011) .......................................................................................................6

*MillerKing, LLC v. DoNotPay, Inc.*,
 2023 WL 8108547 (S.D. Ill. Nov. 17, 2023) ...............................................................................2

*Oshana v. Coca-Cola Co.*,
 472 F.3d 506 (7th Cir. 2006) .......................................................................................................6

*Palanti v. Lawble, Inc.*,
 2024 WL 83353 (N.D. Ill. Jan. 8, 2024)......................................................................................6

*Rauschkolb v. Chattem, Inc.*,
 2016 WL 403495 (S.D. Ill. Feb. 3, 2016)....................................................................................6

*Schutte v. Ciox Health, LLC*,
 28 F.4th 850 (7th Cir. 2022) ................................................................................................3, 4, 5

*Spivey v. Vertrue, Inc.*,
 528 F.3d 982 (7th Cir. 2008) ...................................................................................................4, 7

*Stull v. YTB Int'l, Inc.*,
 2010 WL 4008153 (S.D. Ill. Oct. 13, 2010) ...........................................................................5, 7

**Statutes**

28 U.S.C. § 105(a) ..........................................................................................................................7

28 U.S.C. § 1332(d) ......................................................................................................2, 3

28 U.S.C. § 1441 ........................................................................................................2, 7, 8

28 U.S.C. § 1446(b)(1) .....................................................................................................2

28 U.S.C. § 1446(d) ..........................................................................................................8

Illinois Consumer Fraud and Deceptive Business Practices Act .........................1, 3, 5, 6

**Other Authorities**

Federal Rule of Civil Procedure Rule 6(a) .......................................................................2

1.      Defendant La Terra Fina USA, LLC ("La Terra Fina") hereby removes this civil action from the Circuit Court for the 20th Judicial Circuit, County of St. Clair, to the United States District Court for the Southern District of Illinois.  This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  *See generally Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) (regardless of whether a general presumption against federal jurisdiction exists in run-of-the-mill diversity cases, "no antiremoval presumption attends cases invoking CAFA").

## PARTIES

2.      Defendant La Terra Fina is headquartered in Union City, California and organized under the laws of Delaware.

3.      Plaintiff Tricia Vineyard, a natural person, is an Illinois citizen residing in Illinois.

## PROCEDURAL HISTORY

4.      On January 25, 2024, Plaintiff filed in the Circuit Court of the County of St. Clair against La Terra Fina a Class Action Petition, seeking damages, attorneys' fees and costs, and other additional relief, styled *Tricia Vineyard, individually, and on behalf of all other similarly situated current citizens of Illinois v. La Terra Fina USA, LLC*.  A true and correct copy of the Summons, Petition, and all other documents served upon La Terra Fina in this action are attached hereto as **Exhibit A**.  The action is assigned Case No. 24-LA-0133.

5.      In the Petition, Plaintiff alleges that she and the class members suffered economic harm when they purchased a product sold by La Terra Fina that purportedly bore a label featuring one or more alleged misrepresentations.  Ex. A ¶¶ 1-8.  Plaintiff brings claims under the

Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA) and Illinois common law. *Id.* ¶¶ 51-86.

**TIMELINESS OF REMOVAL**

6.      Plaintiff served her Petition on February 8, 2024.  This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b)(1) and Rule 6(a) of the Federal Rules of Civil Procedure.

**BASIS FOR REMOVAL**

7.      This action is properly removed to this Court under 28 U.S.C. §§ 1332(d) and 1441 as a minimally diverse class action with an amount in controversy exceeding $5,000,000.

**I.      The Parties to This Class Action Are Minimally Diverse.**

8.      This action was filed by a single named plaintiff, Tricia Vineyard, who alleges to be a citizen of Illinois.  Ex. A ¶ 14.

9.      Plaintiff purports to represent a class of "[a]ll current Illinois citizens who purchased" ten Dip & Spread products produced and sold by La Terra Fina (the "Products").  Ex. A ¶ 41.

10.      La Terra Fina, the sole defendant in this action, is a limited liability company ("LLC").  Ex. A ¶ 15.  As an LLC, La Terra Fina is a citizen of the state where it is organized and the state where it has its principal place of business.  *See* 28 U.S.C. § 1332(d)(10) ("for purposes of [CAFA], an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized"); *City of E. St. Louis, Illinois v. Netflix, Inc.*, 83 F.4th 1066, 1071 (7th Cir. 2023) (holding that under § 1332(d)(10) an LLC is treated as an unincorporated association and its citizenship is determined by its principal place of business and state of organization); *see also MillerKing, LLC v. DoNotPay,*

2

*Inc.*, 2023 WL 8108547, at *1 (S.D. Ill. Nov. 17, 2023) (looking to LLC's principal place of business and state of organization to determine citizenship in CAFA case).

11.    La Terra Fina is organized under the laws of the State of Delaware. Declaration of Alice J. Kuhne submitted herewith as **Exhibit B**, dated March 6, 2024 ("Kuhne Decl.") ¶ 4.  La Terra Fina's principal place of business is in California.  *Id.* ¶ 5; *see also* Ex. A ¶ 15 (alleging La Terra Fina is organized under Delaware law and has its principal place of business in California).

12.    La Terra Fina is therefore a citizen of the states of Delaware and California.

13.    Given Plaintiff's definition of the purported class as being limited to citizens of Illinois, *see* Ex. A ¶ 41, the parties are minimally diverse.  *See* 28 U.S.C. § 1332(d)(2)(A) (providing for subject matter jurisdiction where "[a]ny member of a class of plaintiffs is a citizen of a State different from any defendant").[1]

## II.    The Aggregate Amount in Controversy in This Class Action Is Greater Than $5,000,000.

14.    Under CAFA, a minimally diverse class action is removable if the amount in controversy is greater than $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d)(2). The claims of the individual class members "shall be aggregated" to determine whether that jurisdictional minimum has been met.  *Id.* § 1332(d)(6).

15.    While La Terra Fina asserts that it has not violated the ICFA and that Plaintiff and the putative class are not entitled to any relief of any kind, "[w]hat matters is the amount '*in controversy*'—not the amount that plaintiffs are most likely to recover."  *Schutte v. Ciox Health, LLC*, 28 F.4th 850, 855 (7th Cir. 2022) (emphasis in original); *see also Brill v.*

---

[1] Even if La Terra Fina's citizenship were determined by its members, minimal diversity would still exist.  None of La Terra Fina's members are citizens of Illinois.  *See* Kuhne Decl. ¶¶ 7-13.

3

*Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) ("That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal."). "A removing defendant need not 'confess liability in order to show that the controversy exceeds the threshold.'" *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008) (quoting *Brill*, 427 F.3d at 449). "Once the removing party meets its burden, 'the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.'" *Schutte*, 28 F.4th at 854 (quoting *Spivey*, 528 F.3d at 986).

16.    The putative class' claimed damages exceed the $5 million threshold. In her Petition, Plaintiff claims maximum damages "equal to the refund of the purchase price she paid for the" Products. Ex. A ¶ 17. And she alleges that her claim "is typical of all class members with respect to the value of the claims." *Id.* ¶ 19. Therefore, Plaintiff and the putative class claim maximum damages equal the total amount they spent purchasing the Products.

17.    That amount alone exceeds $5 million. (We address below the additional impact of the inclusion of attorneys' fees and punitive damages.)  Specifically, estimated conservatively, the putative class' claimed damages total at least $20,576,734. *See* Declaration of Kristin Brink submitted herewith as **Exhibit C**, dated March 11, 2024 ("Brink Decl.") ¶ 7; *infra* ¶ 20.

18.    As detailed in the Brink Declaration, Circana is a well-known data analytics and market research company, headquartered in the Unites States, which provides clients with consumer, shopper, and retail market intelligence and analysis focused on the consumer packaged goods (CPG), retail, and healthcare industries. Brink Decl. ¶ 4. Among other things, Circana gathers checkout scanner data regarding the quantities and prices paid for the purchase of all products in participating grocery stores. *Id*. That information is compiled and available for

4

purchase by subscription.  La Terra Fina has access to this data with respect to, *e.g.*, the sales of the Products in the State of Illinois.  *Id*.

19.    In the five years preceding Plaintiff's filing of this action, *see* Ex. A ¶ 41 (defining the class period as "the five-year period prior to the filing of this Complaint"), Circana data shows that customers purchased at least $15,637,676 of the Products at Illinois locations of Costco, La Terra Fina's largest customer in Illinois.  Brink Decl. ¶ 5.  Circana data shows that customers purchased at least $4,939,058 of the Products at other grocery stores located in Illinois. *Id.* ¶ 6.  Accordingly, during the relevant time period, customers spent at least $20,576,734 on the Products in Illinois stores.  *Id.* ¶ 7.

20.    The putative class' claimed damages amount is therefore at least $20,576,734.  This alone exceeds the $5 million threshold for CAFA jurisdiction. La Terra Fina reiterates its belief that it has not violated the ICFA and that Plaintiff and the putative class are not entitled to any relief of any kind, but as noted, that is not the relevant inquiry for purposes of CAFA removal.

21.    While damages alone satisfy the CAFA $5 million jurisdictional threshold, this Court should also consider punitive damages for purposes of assessing the amount in controversy because those damages are legally possible under the ICFA.  *See Stull v. YTB Int'l, Inc.*, 2010 WL 4008153, at *3 (S.D. Ill. Oct. 13, 2010) ("It is well settled that, in appropriate cases, punitive damages are available on ICFA claims.").  Because punitive damages are legally possible, they "factor into the amount-in-controversy calculation." *Schutte*, 28 F.4th at 855.  It does not matter that the Complaint purports to disclaim punitive damages.  *See* Ex. A ¶ 18.  The Seventh Circuit has rejected a plaintiff's effort to avoid removal under CAFA by disclaiming punitive damages.  *Back Drs. Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 831 (7th Cir. 2011).  The

5

court explained, "[p]laintiffs can amend their complaints as the litigation progresses. The Illinois statute is about fraud, after all . . . And juries can award damages not requested by the complaint." *Id.*; *see also Oshana v. Coca-Cola Co.*, 472 F.3d 506, 512 (7th Cir. 2006) (counting punitive damages because "the ICFA permits recovery of punitive damages, and [plaintiff] could have amended her state court complaint to seek a punitive damages award").

22.     "The Seventh Circuit has indicated a 5:1 ratio of punitive damages to compensatory damages is legally possible under ICFA (and possibly as high as 9:1)." *Rauschkolb v. Chattem, Inc.*, 2016 WL 403495, at *3 (S.D. Ill. Feb. 3, 2016); *see also Keeling v. Esurance Ins. Co.*, 660 F.3d 273, 275 (7th Cir. 2011) (collecting cases affirming ICFA punitive damages awards with similar multipliers).  Here, applying a multiplier of five would increase the amount in controversy to $102,883,670.  *See Rauschkolb*, 2016 WL 403495, at *3 (including punitive damages in amount in controversy where case involved ICFA claim).

23.     Plaintiff seeks not only actual damages, but also an award of "reasonable and necessary attorneys' fees."  Ex. A at 17.  These claimed fees are included in determining the amount in controversy where, as here, the relevant substantive statute provides for such fees.  *See Oshana*, 472 F.3d at 512 (7th Cir. 2006) ("attorneys' fees up to the time of removal also count toward the jurisdictional amount"); *Palanti v. Lawble, Inc.*, 2024 WL 83353, at *8 (N.D. Ill. Jan. 8, 2024) (counting attorney's fees in case involving ICFA claims); 815 Ill. Comp. Stat. 505/10a(c) (authorizing "reasonable attorney's fees and costs to the prevailing party" in an ICFA action).

24.     Plaintiff in her Petition attempts to evade the removal provision of CAFA with a conclusory allegation that "the total damages of Plaintiff and Class Members, inclusive of costs and attorneys' fees is far less than the five million dollars ($5,000,000) minimum threshold to create federal court jurisdiction."  Ex. A ¶ 19.  However, as shown above, Plaintiff claims in

6

fact far more than $5 million in damages. "[L]anguage in a complaint that purports to limit recovery below a jurisdictional threshold amount is ineffective actually to reduce damages below the jurisdictional threshold." *Stull*, 2010 WL 4008153, at *3; *see also Johnson v. Pushpin Holdings, LLC*, 748 F.3d 769, 772 (7th Cir. 2014) (named plaintiff cannot stipulate to limit potential damages).

25.     The above showing satisfies Section 1446(a)'s requirement that La Terra Fina's "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Owens*, 574 U.S. at 81. The burden is a "pleading requirement, not a demand for proof." *Spivey*, 528 F.3d at 986.

26.     La Terra Fina has easily met that burden here. Through a sworn Declaration from its Vice President of Finance, La Terra Fina has aggregated all sales of the Products in Illinois. That data and those assumptions provide a reasonably accurate figure of $20,576,734 in claimed economic damages, on top of which would need to be added any potential punitive damages and attorney's fees.

27.     Because La Terra Fina has made a plausible showing that the amount in controversy exceeds $5 million, this Court has removal jurisdiction under CAFA. *See Owens*, 574 U.S. at 82 (regardless of whether a general "presumption against removal" exists in run-of-the-mill diversity cases, "no antiremoval presumption attends cases invoking CAFA").

**REMOVAL PROCEDURES**

28.     This Court is the proper one for removal here, because it is the United States District Court that embraces the County of St. Clair, where the action is pending. *See* 28 U.S.C. §§ 105(a), 1441(a).

7

29. The recitation of the allegations and requests for relief above do not concede that Plaintiff's allegations or legal theories have merit. La Terra Fina reserves the right to assert all applicable defenses in this matter.

30. As required by 28 U.S.C. § 1446(d), La Terra Fina will promptly serve Plaintiff with a copy of this Notice of Removal and will file a copy of the same with the Circuit Court of the County of St. Clair. *See* **Exhibit D** attached hereto.

WHEREFORE, the case now pending in the Circuit Court of the County of St. Clair, Case No. 24-LA-0133, is hereby removed to the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. § 1441.

Dated: March 11, 2024

Respectfully submitted,

By: */s/ Amanda N. Catalano*

TABET DIVITO & ROTHSTEIN LLC
Amanda N. Catalano
Daniel L. Stanner
209 South LaSalle Street, 7th Floor
Chicago, Illinois 60604
Telephone: (312) 762-9450
acatalano@tdrlaw.com
dstanner@tdrlaw.com

COVINGTON & BURLING LLP
Steven J. Rosenbaum*
Dillon H. Grimm*
One CityCenter
850 Tenth Street NW
Washington, DC 20005
Telephone: (202) 662-6000
Facsimile: (202) 778-5953
srosenbaum@cov.com
dgrimm@cov.com

* *Pro hac vice applications forthcoming*

*Attorneys for Defendant La Terra Fina USA, LLC*

8

**CERTIFICATE OF SERVICE**

I, Amanda Catalano, hereby certify that on March 11, 2024, a true and accurate copy of the foregoing was electronically filed with the Clerk of Court by using the Court's CM/ECF system, to be served via operation of the Court's electronic filing system upon all counsel of record. Moreover, I hereby certify that a true and accurate copy of the foregoing was also sent by mail and electronic mail on March 11, 2024 to the following:

David C. Nelson (ARDC 6225722)
NELSON & NELSON, ATTORNEYS AT LAW, P.C.
420 North High Street, P.O. Box Y
Belleville IL 62220
Tel: 618-277-4000
Email: dnelson@nelsonlawpc.com

Matthew H. Armstrong (ARDC 6226591)
ARMSTRONG LAW FIRM LLC
2890 W. Broward Blvd. Unit B, #305
Ft. Lauderdale, FL 33312
Tel: 314-258-0212
Email: matt@mattarmstronglaw.com

Robert L. King (ARDC 6209033)
THE LAW OFFICE OF ROBERT L. KING
9506 Olive Blvd., Suite 224
St. Louis, MO 63132
Tel: 314-441-6580
Email: king@kinglaw.com

Stuart L. Cochran
Texas State Bar No. 24027936
CONDON TOBIN SLADEK THORNTON NERENBERG PLLC
8080 Park Ln, Ste 700
Dallas, TX 75231
Tel: 214-865-3804
Email: scochran@condontobin.com

/s/ Amanda N. Catalano
Amanda N. Catalano

9