# EXHIBIT A

Case 3:24-cv-00704-NJR   Document 1-1   Filed 03/11/24   Page 1 of 35   Page ID #14

This form is approved by the Illinois Supreme Court and must be accepted in all Illinois Courts.
Forms are free at ilcourts.info/forms.

| | | |
|---|---|---|
| **STATE OF ILLINOIS,** **CIRCUIT COURT** St. Clair ⊘ **COUNTY** | **SUMMONS** | *For Court Use Only* |

| Instructions ▼ | Tricia Vineyard, individually, and on behalf of all similarly situated current citizens of Illinois | |
|---|---|---|
| Enter above the county name where the case was filed. | **Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | v. | |
| Below "Defendants/ Respondents," enter the names of all people you are suing. | **Defendants / Respondents** *(First, middle, last name)* La Terra Fina USA, LLC | **24-LA-0133** **Case Number** |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* | |

## IMPORTANT: You have been sued.

- Read all documents attached to this Summons.

- You MUST file an official document with the court within the time stated on this Summons called an *Appearance* and a document called an *Answer/Response*. If you do not file an *Appearance* and *Answer/Response* on time, the judge may decide the case without hearing from you. This is called "default." As a result, you could lose the case.

- All documents referred to in this Summons can be found at ilcourts.info/forms. Other documents may be available from your local Circuit Court Clerk's office or website.

- After you fill out the necessary documents, you need to electronically file (e-file) them with the court. To e-file, you must create an account with an e-filing service provider. For more information, go to ilcourts.info/efiling. If you cannot e-file, you can get an exemption that allows you to file in-person or by mail.

- You may be charged filing fees, but if you cannot pay them, you can file an Application for Waiver of Court Fees.

- It is possible that the court will allow you to attend the first court date in this case in-person or remotely by video or phone. Contact the Circuit Court Clerk's office or visit the Court's website to find out whether this is possible and, if so, how to do this.

- Need help? Call or text Illinois Court Help at 833-411-1121 or go to ilcourthelp.gov for information about going to court, including how to fill out and file documents. You can also get free legal information and legal referrals at illinoislegalaid.org. All documents referred to in this Summons can be found at ilcourts.info/forms. Other documents may be available from your local Circuit Court Clerk's office or website.

- ¿Necesita ayuda? Llame o envíe un mensaje de texto a Illinois Court Help al 833-411-1121, o visite ilcourthelp.gov para obtener información sobre los casos de la corte y cómo completar y presentar formularios.

### Plaintiff/Petitioner:

**Do not use this form** in these types of cases:

| | | |
|---|---|---|
| • All criminal cases | • Order of protection | • Adult guardianship |
| • Eviction | • Paternity | • Detinue |
| • Small Claims | • Stalking no contact orders | • Foreclosure |
| • Divorce | • Civil no contact orders | • Administrative review cases |

For eviction, small claims, divorce, and orders of protection, use the forms available at ilcourts.info/forms. If your case is a detinue, visit illinoislegalaid.org for help.

**If you are suing more than 1 Defendant/Respondent**, attach an *Additional Defendant/Respondent Address and Service Information* form for **each** additional Defendant/Respondent.

SU-S 1503.4                          Page 1 of 5                          (05/23)

Enter the Case Number given by the Circuit Clerk: 24-LA-0133

| | |
|---|---|
| In **1a**, enter the name and address of the first Defendant/ Respondent you are serving. If you are serving a Registered Agent, include the Registered Agent's name and address here. | **1.** **Defendant/Respondent's address and service information:**<br>a. Defendant/Respondent's primary address/information for service:<br>Name *(First, Middle, Last)*: La Terra Fina USA, LLC<br>Registered Agent's name, if any: Corporation Service Company<br>Street Address, Unit #: 251 Little Falls Drive<br>City, State, ZIP: Wilmington, DE  19808<br>Telephone: 302-636-5401          Email: |
| In **1b**, enter a second address for the first Defendant/ Respondent, if you have one. | b. If you have more than one address where Defendant/Respondent might be found, list that here:<br>Name *(First, Middle, Last)*:<br>Street Address, Unit #:<br>City, State, ZIP:<br>Telephone:          Email: |
| In **1c**, check how you are sending your documents to this Defendant/ Respondent. | c. Method of service on Defendant/Respondent:<br>☑ Sheriff          ☐ Sheriff outside Illinois: _____<br> *County & State* <br>☐ Special process server          ☐ Licensed private detective |

| | |
|---|---|
| Check here if you are serving more than 1 Defendant/ Respondent. Attach an *Additional Defendant/ Respondent Address and Service Information* form for each additional Defendant/Respondent and write the number of forms you attached. | ☐ **I am serving more than 1 Defendant/Respondent.**<br>I have attached _____ *Additional Defendant/Respondent Address*<br> *Number* <br>*and Service Information* forms. |
| In **2a**, enter the amount of money owed to you. Check **2b** if you are asking for the return of tangible personal property. | **2.** **Information about the lawsuit:**<br>a. Amount claimed:   $ in excess of $50,000<br>☐ b. I am asking for the return of tangible personal property (items in the Defendant/Respondent's possession). |
| In **3**, enter your complete address, telephone number, and email address, if you have one. | **3.** **Contact information for the Plaintiff/Petitioner:**<br>Name *(First, Middle, Last)*: Attorney David C. Nelson<br>Street Address, Unit #:  420 North High St., P.O. Box Y<br>City, State, ZIP:  Belleville, IL  62220<br>Telephone:  618-277-4000          Email:  dnelson@nelsonlawpc.com |
| | **GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties. |

| | |
|---|---|
| **Important information for the person getting this form** | You have been sued. Read all of the documents attached to this *Summons*.<br>To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: ilcourts.info/forms. |

| | |
|---|---|
| Check **4a** or **4b**. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box **4a**. Otherwise, if the clerk gives you a court date, check box **4b**. | **4.** **Instructions for person receiving this *Summons* (Defendant):**<br>☑ a. To respond to this *Summons*, you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served (*not counting the day of service*) by e-filing or at:<br>Address:   St. Clair County Courthouse, #10 Public Square<br>City, State, ZIP:  Belleville, IL  62220 |

| | |
|---|---|
| In **4a**, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/Response*. | ☐ b.  Attend court:<br>On: _____ at _____ ☐ a.m. ☐ p.m. in _____<br>        *Date*            *Time*                 *Courtroom*<br>**In-person at:** |

**In-person at:**

_____
*Courthouse Address*          *City*                    *State*          *ZIP*

**OR**

**Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance"):

    By telephone: _____
                   *Call-in number for telephone remote appearance*

    By video conference: _____
                       *Video conference website*

_____
    *Video conference log-in information (meeting ID, password, etc.)*

| | |
|---|---|
| In **4b**, fill out:<br>• The court date and time the clerk gave you.<br>• The courtroom and address of the court building.<br>• The call-in or video information for remote appearances (if applicable).<br>• The clerk's phone number and website. All of this information is available from the Circuit Clerk. | Call the Circuit Clerk at: _____ or visit their website<br>                           *Circuit Clerk's phone number*<br>_____ to find out more about how to do this. |

KINNIS WILLIAMS, SR, Circuit Clerk
1/26/2024
Cassie Voelkel

*Seal of Court*

| | |
|---|---|
| **STOP!**<br>The Circuit Clerk will fill in this section. | **Witness** _____<br><br>**Clerk of the Court:** _____ |

---

**STOP! The officer or process server will fill in the Date of Service**

**Note to officer or process server:**

- If 4a is checked, this *Summons* must be served within 30 days of the witness date.
- If 4b is checked, this *Summons* must be served at least 21 days before the court date, unless 2b is also checked.
  - If 4b and 2b are checked, the *Summons* must be served at least 3 days before the court date.

Date of Service: _____

*(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)*

SU-S 1503.4                          Page 3 of 5                          (05/23)

Enter the Case Number given by the Circuit Clerk: 24-LA-0133 _____

**This form is approved by the Illinois Supreme Court and must be accepted in all Illinois Courts.**
**Forms are free at ilcourts.info/forms.**

| STATE OF ILLINOIS, CIRCUIT COURT<br><br>_____ COUNTY | PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | *For Court Use Only* |
|---|---|---|

| Instructions | | |
|---|---|---|
| Enter above the county name where the case was filed. | Tricia Vineyard, individually, and on behalf of all similarly situated current citizens of Illinois _____<br>**Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v.<br><br>La Terra Fina USA, LLC _____<br>**Defendant / Respondent** *(First, middle, last name)* | **24-LA-0133** _____<br>**Case Number** |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* | |

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form. Give them one copy of this blank *Proof of Service* form for each Defendant/Respondent.\*\***

**My name is** _____ **and I state**
*First, Middle, Last*

☐ **I served the *Summons* and Complaint/Petition on the Defendant/Respondent**

_____ **as follows:**
*First, Middle, Last*

☐ Personally on the Defendant/Respondent:
   ☐ Male   ☐ Female   ☐ Non-Binary   Approx. Age: _____   Race: _____
   On this date: _____   at this time: _____ ☐ a.m. ☐ p.m.
   Address, Unit#: _____
   City, State, ZIP: _____

☐ On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family member or lives there:
   On this date: _____   at this time: _____ ☐ a.m. ☐ p.m.
   Address, Unit#: _____
   City, State, ZIP: _____
   And left it with: _____
   *First, Middle, Last*
   ☐ Male   ☐ Female   ☐ Non-Binary   Approx. Age: _____   Race: _____
   and by sending a copy to this defendant in a postage-paid, sealed envelope to the above address on this date: _____ .

☐ On the Corporation's agent, _____
   *First, Middle, Last*
   ☐ Male   ☐ Female   ☐ Non-Binary   Approx. Age: _____   Race: _____
   On this date: _____   at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____

☐ **I was not able to serve the *Summons* and Complaint/Petition on Defendant/Respondent:**

_____
*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____

    _____
    _____
    _____

2.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____

    _____
    _____
    _____

3.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____

    _____
    _____
    _____

| DO NOT complete this section. The sheriff or private process server will complete it. |
|---|

**If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the *Proof of Service of Summons* is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.**

| Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony. |
|---|

**By:**

*Signature by:*    ☐ Sheriff
_____    ☐ Sheriff outside Illinois:

_____
*County and State*
☐ Special process server
☐ Licensed private detective

_____
*Print Name*

**FEES**
Service and Return:    $ _____
Miles _____    $ _____
Total    $ _____

If *Summons* is served by licensed private detective or private detective agency:
License Number: _____

| Print Form | | Save Form | | Reset Form |
|---|---|---|---|---|

SU-S 1503.4                    Page 5 of 5                    (05/23)

Electronically Filed
Kinnis Williams, Sr.
Circuit Clerk
Darrius Smith
24LA0133
St. Clair County
1/25/2024 12:02 PM
26121881

## CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT
## COUNTY OF ST. CLAIR, STATE OF ILLINOIS

TRICIA VINEYARD, individually, and     )
on behalf of all similarly situated current     )
citizens of Illinois,     )
    )
       Plaintiff,     )
    )
v.     )    No. 24-LA-0133
    )
LA TERRA FINA USA, LLC,     )
    )
       Defendant.     )

### CLASS-ACTION COMPLAINT

Plaintiff, Tricia Vineyard, individually and on behalf of all similarly situated current Illinois citizens, alleges the following facts and claims upon personal knowledge, investigation of counsel, and information and belief.

### NATURE OF THE CASE

1.     This case arises out of deceptive, unfair, and false merchandising practices of La Terra Fina USA, LLC's ("Defendant") with respect to its "la terra fina" brand Dips that it sells in several varieties: Artichoke & Jalapeño Dip & Spread, Cheesy Artichoke Dip & Spread, Chili Con Queso Dip, Everything But The Bagel Dip & Spread, Greek Yogurt Spinach & Parmesan Dip & Spread, Greek Yogurt Spinach Artichoke & Parmesan Dip & Spread, Green Chile & Cheese Dip & Spread, Mexicali Dip & Spread, Spinach Artichoke & Parmesan Dip & Spread and Sriracha Three Cheese Dip & Spread (the "Dips").

2.     On the label of the Dips, Defendant prominently represents that the Dips have "NO ARTIFICIAL FLAVORS, COLORS OR PRESERVATIVES" which leads consumers to

believe that the Dips have no synthetic, artificial preservatives or flavor agents.

3. However, the Dips contain food grade citric acid (the "Synthetic Preservative").

4. Food-grade citric acid is a commercially-manufactured, synthetically-produced, highly-processed food additive sold in the form of a white powder that Defendant uses in the Dips to adjust the flavor, slow or stop the discoloration or browning of the Dips and control the growth of microorganisms, i.e., Defendant adds the citric acid as a flavoring agent and as a preservative.

5. Food grade citric acid in the powdered form used by Defendant does not exist in nature.

6. FDA regulations identify citric acid as a synthetic substance. *See* 21 C.F.R. 173.280.

7. The Dips contain the Synthetic Preservative in direct contravention to their express representation that they have "NO ARTIFICIAL FLAVORS, COLORS OR PRESERVATIVES."

8. Plaintiff and reasonable consumers reasonably interpret the label to denote that the Dips labeled "NO ARTIFICIAL FLAVORS, COLORS OR PRESERVATIVES" do not contain any artificial, synthetic flavors or preservatives.

9. Because the Dips contain the Synthetic Preservative, the representation that the Dips have "NO ARTIFICIAL FLAVORS, COLORS OR PRESERVATIVES" is unfair, false, deceptive, and misleading.

10. Defendant does not tell its consumers why it adds the Synthetic Preservative nor the functions that is serves.

11. Defendant's Dips are inferior to products that are accurately labeled and sold as

containing no artificial flavors, colors or preservatives.

12.     Defendant's misrepresentation unlawfully causes Plaintiff and Class Members to pay an inflated price for the Dips.

13.     Plaintiff brings this case to recover damages for Defendant's false, deceptive, unfair, and misleading marketing and advertising in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1 et seq. and Illinois common law and bases the claims of class members from other states and territories on their states' and territories' respective consumer protection statutes and under the common law or case law of those states.

**PARTIES**

14.     Plaintiff, Tricia Vineyard, is an Illinois citizen residing in St. Clair County, Illinois. On at least one occasion during the Class Period (as defined below), Plaintiff purchased Defendant's Everything But The Bagel Dip & Spread at Schnucks in Swansea, Illinois, for personal purposes after reviewing the label and the "NO ARTIFICIAL FLAVORS, COLORS OR PRESERVATIVES" representations. Plaintiff paid $3.99 per package. If Plaintiff had known the Dips contained artificial preservatives, then she would not have purchased them or would have paid less for them. Plaintiff's claims are typical of all class members in this regard.

15.     Defendant, La Terra Fina USA, LLC, is a Delaware limited liability company with its principal place of business in Union City, California.

**JURISDICTION AND VENUE**

16.     This Court has subject matter jurisdiction over this action because the amount in controversy exceeds the minimum jurisdictional limits of the Court.

17.     Plaintiff believes and alleges that the total value of her individual claims is, at

most, equal to the refund of the purchase price she paid for the Dips. There is therefore no diversity jurisdiction over this case.

18. Plaintiff is not seeking punitive damages or an award of treble damages under the ICFA.

19. Because the value of Plaintiff's claims is typical of all class members with respect to the value of the claims, the total damages of Plaintiff and class members, inclusive of costs and attorneys' fees is far less than the five-million dollars ($5,000,000) minimum threshold to create federal court jurisdiction. There is therefore no CAFA jurisdiction for this case.

20. Defendant cannot plausibly allege that it had sufficient sales of the Dips during the Class Period to establish an amount in controversy that exceeds CAFA's jurisdictional threshold.

21. This Court has personal jurisdiction over Defendant because Defendant has more than minimum contacts with the State of Illinois and has purposefully availed itself of the privilege of conducting business in this state. In addition, as explained below, Defendant committed affirmative tortious acts within the State of Illinois that gives rise to civil liability, including distributing the Dips for sale throughout the State of Illinois and the United States.

22. Venue is proper in this forum pursuant to 735 ILCS 5/2-101 because the transaction out of which the causes of action arose occurred in this county.

## ALLEGATIONS OF FACT

23. Defendant produces, markets and sells the Dips throughout the United States including this county.

24. Knowing that consumers like Plaintiff increasingly desire to purchase and consume healthy, wholesome ingredients, Defendant represents that the Dips have "NO

ARTIFICIAL FLAVORS, COLORS OR PRESERVATIVES."

25.    Defendant affixed a label to the containers in which it sells its Dips stating, "NO ARTIFICIAL FLAVORS, COLORS OR PRESERVATIVES." The label misleads consumers because it misstates the ingredients in the Dips.

26.    Defendant then placed the Dips with the misleading labels into the stream of commerce, where it was purchased by Plaintiff and Class Members.

27.    Reasonable consumers assume that food product labeling is true and accurate, and manufacturers, including Defendant, know that reasonable consumers rely upon those labels in making their purchasing decisions.

28.    Plaintiff and reasonable consumers rely on the truth and accuracy of Defendant's labels, including representations about the ingredients and contents when purchasing food products.

29.    The misrepresentation described herein is material in that it concerns the type of information upon which a reasonable consumer would be expected to rely in deciding whether to purchase the Dips. Specifically, the claim that the Dips contain "NO ARTIFICIAL FLAVORS, COLORS OR PRESERVATIVES" is a material fact.

30.    Defendant claims that the Dips contain "NO ARTIFICIAL FLAVORS, COLORS OR PRESERVATIVES" when they actually contain a Synthetic Preservative. Because the Synthetic Preservative is artificial, the claim "NO ARTIFICIAL FLAVORS, COLORS OR PRESERVATIVES" is inaccurate, deceptive, unfair, and misleading to purchasers.

31.    Reasonable consumers, including Plaintiff, therefore pay more for the Dips labeled "NO ARTIFICIAL FLAVORS, COLORS OR PRESERVATIVES" that they do not

actually receive, and for which they would have paid less or not purchased at all had the truth been known.

32.    At all times, Defendant intended for consumers including the Plaintiff to rely on the label's representation that the Dips contain "NO ARTIFICIAL FLAVORS, COLORS OR PRESERVATIVES." Otherwise, the "NO ARTIFICIAL FLAVORS, COLORS OR PRESERVATIVES" representation serves no purpose.

33.    Plaintiff and reasonable consumers have been actually deceived by Defendant's misrepresentation.

34.    At all times, Defendant's misrepresentation was intentional. Defendant knew (a) what ingredients it was putting in the Dips; (b) that its own label misrepresented what ingredients were in the Dips; (c) that reasonable consumers would view, assume true, and rely upon information on the "NO ARTIFICIAL FLAVORS, COLORS OR PRESERVATIVES" representation in making their purchasing decisions; (d) that the label misstated the true nature of the ingredients in the Dips; (e) that it was not giving the consumer the benefit of the bargain; and (f) that it was fraudulently charging consumers for Dips with Synthetic Preservative while claiming no artificial preservatives were present.

35.    Defendant's misrepresentation constitutes unfair or deceptive acts or practices, including but not limited to the use or employment of a deception, fraud, false pretense, false promise, or misrepresentation within the meaning of the ICFA.

36.    As to the particulars of Defendant's fraudulent conduct, Defendant intentionally and knowingly misrepresented the ingredients in the Dips by falsely claiming that the Dips contain "NO ARTIFICIAL FLAVORS, COLORS OR PRESERVATIVES," which it intended consumers to rely upon whenever they read the label and purchased the product.

37.     Empirical data has shown that labeling claims like the one at issue are often assigned a particular value by food manufacturers and/or third parties that provide such data for them.  In other words, food manufacturers often know to the penny how much more money they can charge if they label their product, for instance, as containing no artificial preservatives. Plaintiff does not yet have access to this data, but upon information and belief, Defendant has such data and relies upon it when choosing the statements it places on labels to entice sales and in setting its prices.  This data will be revealed in discovery and will evidence the price premium damages alleged herein.

38.     Plaintiff provided pre-suit notice of a breach of warranty, having apprised the Defendant on February 13, 2023, in writing, of the problem with the Dips that she purchased.

39.     There is substantial danger that the Defendant's wrongful retail practices will continue because Defendant continues to advertise, distribute, label, manufacture, market and sell the Dips in a false, misleading, unfair and deceptive manner, all while denying same.

40.     Defendant's misrepresentations violate the IFCA's prohibition of the act, use, or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact about the sale or advertisement of any merchandise in trade or commerce.

## CLASS ALLEGATIONS

41.     Plaintiff brings this action pursuant to 735 ILCS 5/2-801 et. seq., on her own behalf and on behalf of a Class of all other similarly situated persons ("Class Members" of the "Class") defined as follows:

> All current Illinois citizens who purchased "la terra fina" brand Artichoke & Jalapeño Dip & Spread, Cheesy Artichoke Dip & Spread, Chili Con Queso Dip, Everything But The Bagel Dip &

Spread, Greek Yogurt Spinach & Parmesan Dip & Spread, Greek Yogurt Spinach Artichoke & Parmesan Dip & Spread, Green Chile & Cheese Dip & Spread, Mexicali Dip & Spread, Spinach Artichoke & Parmesan Dip & Spread and/or Sriracha Three Cheese Dip & Spread for personal, family, or household purposes from the five-year period prior to the filing of this Complaint up through the date of preliminary approval (the "Class Period").

42.    Excluded from the Class are: (a) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; (b) Defendant, its officers, directors, or employee; any entity in which Defendant has a controlling interest or which has a controlling interest in Defendant; any affiliate, legal representative, heir, successor, or assign of Defendant or any person acting on its behalf; (c) all persons who are presently in bankruptcy proceedings or who obtained a bankruptcy discharge in the last three years; (d) any judicial officer in the lawsuit and/or persons within the third degree of consanguinity to such judge; and (e) any juror assigned to this action.

43.    Upon information and belief, the Class consists of thousands of purchasers. Accordingly, it would be impracticable to join all Class Members before the Court.

44.    There are numerous and substantial questions of law or fact common to all the members of the Class and which predominate over any individual issues. Included within the common question of law or fact are:

a.    whether the Dip labels are false, unfair, misleading, and deceptive;

b.    whether Defendant violated state consumer statutes by selling the Dips with false, misleading, and deceptive representations;

c.    whether Defendant's acts constitute unfair, deceptive and/or fraudulent business acts and practices or deceptive, untrue, and misleading advertising;

d.      whether Defendant breached express and/or implied warranties to Plaintiff and the Class Members;

e.      whether Defendant intended that Plaintiff and the Class Members would rely on its representations;

f.      whether Defendant's acts constitute deceptive, unfair, and fraudulent business acts and practices or deceptive, untrue, and misleading merchandising practices;

g.      whether Defendant was unjustly enriched; and

h.      the proper measure of damages sustained by Plaintiff and Class Members.

45.    The claims of the Plaintiff are typical of the claims of Class Members, in that they share the above-referenced facts and legal claims or questions with Class Members, there is a sufficient relationship between the damage to Plaintiff and Defendant's conduct affecting Class.

46.    Class Members and Plaintiff have no interests adverse to the interests other Class Members.

47.    Plaintiff will fairly and adequately protect the interests of Class Members and has retained competent and experienced counsel.

48.    A class action is superior to other methods for the fair and efficient adjudication of this controversy, since individual joinder of all Class Members is impracticable and no other group method of adjudication of all claims asserted herein is more efficient and manageable for at least the following reasons:

a.      the claim presented in this case predominates over any questions of law or fact, if any exists at all, affecting any individual member of the Class;

b.      absent a Class, the Class Members will continue to suffer damage and Defendant's unlawful conduct will continue without remedy while Defendant profits from and enjoys its ill-gotten gains;

c.      given the size of individual Class Members' claims, few, if any, Class Members could afford to or would seek legal redress individually for the

wrongs Defendant committed against them, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions;

d.    when the liability of Defendant has been adjudicated, claims of all Class Members can be administered efficiently and/or determined uniformly by the Court; and

e.    this action presents no difficulty that would impede its management by the Court as a class action which is the best available means by which Plaintiff and members of the Class can seek redress for the harm caused to them by Defendant.

49.    Because Plaintiff seeks relief for all Class Members, the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual member of the Class which would establish incompatible standards of conduct for Defendant.

50.    Further, bringing individual claims would overburden the Courts and be an inefficient method of resolving the dispute which is the center of this litigation. Adjudications with respect to individual members of the Class would, as a practical matter, be dispositive of the interest of other members of the Class who are not parties to the adjudication and may impair or impede their ability to protect their interests. As a consequence, class treatment is a superior method for adjudication of the issues in this case.

### CLAIMS FOR RELIEF

### COUNT I

### Violation of ICFA and All Other State Consumer Protection Statutes
### (Deceptive Practices)

51.    Plaintiff repeats and re-alleges the allegations of the preceding paragraphs 1 through 50 as if fully set forth herein.

52.    The ICFA declares the following to be unlawful: "Unfair methods of competition

Page 10 of 18
Case No. 24-LA-

and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact…in the conduct of any trade or commerce[.]" 815 ILCS 505/2.

53.    The consumer protection statutes of other states and territories are similarly designed to prevent deceptive practices.

54.    Defendant engaged in a deceptive practice by misrepresenting that the Dips contain "NO ARTIFICIAL FLAVORS, COLORS OR PRESERVATIVES," when the product actually contains a Synthetic Preservative.  The product was therefore worth less than the product as represented, consumers paid a price premium which they would not have paid absent Defendant's misrepresentations, and consumers did not receive the benefit of their bargain.

55.    Defendant intended Plaintiff and reasonable consumers would rely on the deceptive practice because Defendant is aware that consumers like Plaintiff and Class Members are interested in purchasing products without synthetic preservatives and that are consistent with representations made on their packaging. Defendant intended to prey on these interests.

56.    Defendant's misrepresentation is material because it conveys false information that reasonable consumers would rely upon when considering whether or not to purchase the product.

57.    Defendant's deceptive practice occurred in the course of Defendant's trade or commerce because Defendant is in the business of manufacturing, distributing, and selling the Dips, and it does so throughout the United States.

58.    Defendant's deceptive practices proximately caused Plaintiff and consumers actual damages, because:

    a.    neither Plaintiff nor any reasonable consumer would expect to find a Synthetic Preservative in Dips labeled "NO ARTIFICIAL FLAVORS, COLORS OR PRESERVATIVES,"

    b.    consumers purchase the product believing they will receive dips that contain "NO ARTIFICIAL FLAVORS, COLORS OR PRESERVATIVES," but they do not actually receive dips without artificial flavors, colors or preservatives because of the presence of the Synthetic Preservative; and

    c.    consumers therefore do not receive the benefit of the bargain.

59.    These damages include the purchase price of the product or the difference between what Plaintiff and Class Members paid for the product and what the product was actually worth, or the price premium associated with the deceptive practice. Because the product was not as represented, the product as sold was worth less than the product as represented, and Plaintiff and Class Members paid an excess amount for it. Had the truth been known, Plaintiff and Class Members would not have purchased the product at all, or would have paid less for them.

## COUNT II

### Violation of ICFA and All Other State Consumer Protection Statutes
### (Unfair Practices)

60.    Plaintiff repeats and re-alleges the allegations of the preceding paragraphs 1-50 as if fully set forth herein.

61.    The ICFA declares the following to be unlawful: "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce." 815 ILCS 505/2.

62. The consumer protection statutes of other states and territories are similarly designed to prevent unfair practices.

63. Defendant engaged in unfair acts or practices by including the Synthetic Preservative in the Dips without including the phrase "with added ingredients" to modify the "NO ARTIFICIAL FLAVORS, COLORS OR PRESERVATIVES" claim on the Dips' label.

64. Defendant intended that Plaintiff and reasonable consumers would rely on the unfair acts or practices because Defendant did not disclose the presence of the Synthetic Preservative on the front of the label of the Dips. Rather, Defendant said the product has "NO ARTIFICIAL FLAVORS, COLORS OR PRESERVATIVES," intending that consumers would rely on the accuracy of the front of the label. Defendant is aware that consumers like Plaintiff and Class Members are interested in purchasing products without a Synthetic Preservative and that are consistent with representations made on their packaging. Defendant intended to prey on these interests.

65. Defendant's unfair acts or practices occurred in the course of Defendant's trade or commerce because Defendant is in the business of manufacturing, distributing, and selling the Dips, and it does so throughout the United States, including throughout Illinois and in St. Clair County.

66. Defendant's unfair acts or practices offend public policy by representing that the Dips contain "NO ARTIFICIAL FLAVORS, COLORS OR PRESERVATIVES" without being accompanied by a phrase indicating that the Dips contains the Synthetic Preservative.

67. Defendant's unfair acts and practices further offend Illinois public policy in that they also violate the Illinois Food, Drug, and Cosmetic Act, 410 ILCS 620/11, because the labels of the Dips are false and misleading as described herein.

68.     Defendant's unfair acts or practices are also immoral, unethical, oppressive, or unscrupulous because clandestinely adding a Synthetic Preservative to the Dips without adequately disclosing the fact that the Dips contain added ingredients does not comport with reasonable consumers' expectations to be told the truth about what they are buying and putting into their bodies, or into the bodies of their children. The policy requiring the Dips to be accompanied by the phrase "with added ingredients" is to protect consumers from Defendant's unfair acts or practices. Defendant's failure to disclose such is unethical and oppressive because they are trusted to follow the law and adequately disclose what is in its products.

69.     Defendant's unfair acts or practices leave the consumer with little alternative except to submit to it because consumers have no control over the representations Defendant puts on the Dips' label and packaging.

70.     Defendant's unfair acts or practices proximately caused Plaintiff and consumers actual damages, because:

a.     neither Plaintiff nor any reasonable consumer would expect to find the Synthetic Preservative in dips labeled "NO ARTIFICIAL FLAVORS, COLORS OR PRESERVATIVES;"

b.     consumers purchase the product believing they will receive dips with "NO ARTIFICIAL FLAVORS, COLORS OR PRESERVATIVES" but they do not actually receive dips with no artificial flavors, colors or preservatives because of the presence of the Synthetic Preservative; and

c.     consumers therefore do not receive the benefit of the bargain.

71.     These damages include the purchase price of the product or the difference between what Plaintiff and Class Members paid for the product and what the product was actually worth, or the price premium associated with the deceptive practice. Because the product was not as represented, the product as sold was worth less than the product as represented, and Plaintiff and

Class Members paid an excess amount for it. Had the truth been known, consumers would not have purchased the product at all, or would have paid less for them.

72.     These damages to Plaintiff and Class Members are substantial, are not outweighed by any countervailing benefits to Plaintiff and Class Members and are damages the Plaintiff and Class Members could not reasonably have avoided because they have no control over the representations Defendant puts on the Dips' label and packaging.

## COUNT III

### Breach of Express Warranty

73.     Plaintiff repeats and re-alleges the allegations of the preceding paragraphs 1 through 50 as if fully set forth herein.

74.     Defendant made the affirmation of fact and the promise to Plaintiff and the Class Members that the Dips had "NO ARTIFICIAL FLAVORS, COLORS OR PRESERVATIVES," guaranteeing to Plaintiff and the Class Members that the Dips were in conformance with the representation.

75.     This affirmation of fact and promise became part of the basis of the bargain in which Plaintiff and Class Members purchased the Dips, and it was material to Plaintiff's and Class Members' purchasing decisions.

76.     Defendant breached its express warranty that the Dips contained "NO ARTIFICIAL FLAVORS, COLORS OR PRESERVATIVES" by providing Plaintiff and Class Members with Dips containing the Synthetic Preservative.

77.     As a result of Defendant's breach of warranty, Plaintiff and the Class Members have been deprived of the benefit of their bargain in that they bought Dips that were not what they were represented to be, and they have spent money on Dips that had less value than was

reflected in the premium purchase price they paid for the Dips.

78.     Because Defendant made the affirmation of fact and promise directly on its own labels and packaging, privity is not required to bring this claim.

79.     Because Defendant is the sole manufacturer and seller of the Dips, it has actual knowledge that the Dips are falsely labeled, and therefore pre-suit notice of this claim is not required.

80.     Nonetheless, Plaintiff provided Defendant with written notice of its breach of warranty on February 13, 2023.

81.     As a proximate result of Defendant's breach of express warranty, Plaintiff and Class Members suffered economic damages, including the full purchase price of the Dips or the premium paid for it.

## COUNT IV

### Unjust Enrichment

82.     Plaintiff repeats and re-alleges the allegations of the preceding paragraphs 1 through 50 as if fully set forth herein.

83.     Plaintiff and the Class Members conferred a benefit on Defendant in that they purchased the Dips that were manufactured, distributed, and sold by the Defendant.

84.     Defendant appreciated the benefit because, were consumers not to purchase the Dips, Defendant would have no sales and would make no money from the Dips.

85.     Defendant's acceptance and retention of the benefit is inequitable and unjust because the benefit was obtained by Defendant's misleading representations about the ingredients in the Dips.

86.     Equity cannot in good conscience permit Defendant to be economically enriched for such actions at Plaintiff's and Class Members' expense and in violation of Illinois law, and therefore, restitution and/or disgorgement of such economic enrichment is required.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all similarly situated persons, prays the Court:

a.     grant certification of this case as a class action;

b.     appoint Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel;

c.     award compensatory damages to Plaintiff and the proposed Class, or, alternatively, require Defendant to disgorge or pay restitution;

d.     award statutory and punitive damages to Plaintiff and the proposed Class;

e.     award pre- and post-judgment interest;

f.     award reasonable and necessary attorneys' fees and costs to Class counsel; and

g.     for all such other and further relief, as may be just and proper.

Dated:  January 25, 2024          Respectfully submitted,

By:     */s/ David C. Nelson*
        David C. Nelson (ARDC 6225722)
        NELSON & NELSON, ATTORNEYS AT LAW, P.C.
        420 North High Street, P.O. Box Y
        Belleville IL 62220
        Tel:    618-277-4000
        Email: dnelson@nelsonlawpc.com

        Matthew H. Armstrong (ARDC 6226591)
        ARMSTRONG LAW FIRM LLC
        2890 W. Broward Blvd. Unit B, #305
        Ft. Lauderdale, FL 33312
        Tel:    314-258-0212
        Email: matt@mattarmstronglaw.com

Robert L. King (ARDC 6209033)
THE LAW OFFICE OF ROBERT L. KING
9506 Olive Blvd., Suite 224
St. Louis, MO  63132
Tel:    314-441-6580
Email: king@kinglaw.com

Stuart L. Cochran (*pro hac vice application forthcoming*)
Texas State Bar No. 24027936
CONDON TOBIN SLADEK THORNTON NERENBERG PLLC
8080 Park Ln, Ste 700
Dallas, TX 75231
Tel:    214-865-3804
Email: scochran@condontobin.com

*Attorneys for Plaintiff and the Putative Class*

Electronically Filed
Kinnis Williams, Sr.
Circuit Clerk
Darrius Smith
24LA0133
St. Clair County
1/25/2024 12:02 PM
26121881

**CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT**
**COUNTY OF ST. CLAIR, STATE OF ILLINOIS**

| | | |
|---|---|---|
| TRICIA VINEYARD, individually, and on behalf of all similarly situated current citizens of Illinois, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 24-LA-0133 |
| LA TERRA FINA USA, LLC, | ) ) | |
| Defendant. | ) | |

## AFFIDAVIT OF DAMAGES

This affidavit is made pursuant to Supreme Court Rule 222(b). Under the penalties of perjury as provided by Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the money damages sought by Plaintiff herein do exceed $50,000.00.

Dated: January 25, 2024          Respectfully submitted,

By:    /s/David C. Nelson
       David C. Nelson (ARDC 6225722)
       NELSON & NELSON, ATTORNEYS AT LAW, P.C.
       420 North High Street, P.O. Box Y
       Belleville, IL 62222
       Tel:    618-277-4000
       Email: dnelson@nelsonlawpc.com

       Matthew H. Armstrong (ARDC 6226591)
       ARMSTRONG LAW FIRM LLC
       2890 W. Broward Blvd. Unit B, #305
       Ft. Lauderdale, FL 33312
       Tel:    314-258-0212
       Email: matt@mattarmstronglaw.com

Page 1 of 2
Case No: 24-LA-

Robert L. King (ARDC 6209033)
THE LAW OFFICE OF ROBERT L. KING
9506 Olive Blvd., Suite 224
St. Louis, MO  63132
Tel:    314-441-6580
Email: king@kinglaw.com

Stuart L. Cochran (*pro hac vice application forthcoming*)
Texas State Bar No. 24027936
CONDON TOBIN SLADEK THORNTON NERENBERG PLLC
8080 Park Ln, Ste 700
Dallas, TX 75231
Tel:    214-865-3804
Email: scochran@condontobin.com

*Attorneys for Plaintiff and the Putative Class*

Electronically Filed
Kinnis Williams, Sr.
Circuit Clerk
Darrius Smith
24LA0133
St. Clair County
1/25/2024 12:02 PM
26121881

## CIRCUIT COURT FOR THE 20ᵀᴴ JUDICIAL CIRCUIT
## COUNTY OF ST. CLAIR, STATE OF ILLINOIS

TRICIA VINEYARD, individually, and )
on behalf of all similarly situated current )
citizens of Illinois, )
                                )
      Plaintiff, )
                                )
v. )   No. 24-LA-0133
                                )
LA TERRA FINA USA, LLC, )
                                )
      Defendant. )

## ENTRY OF APPEARANCE

NOW COMES DAVID C. NELSON and the law firm of NELSON & NELSON,

ATTORNEYS AT LAW, P.C., and hereby enter their appearance as attorneys of record for the

Plaintiff, Tricia Vineyard, in the above-entitled proceedings.

Dated: January 25, 2024                   Respectfully Submitted,

                  By:   */s/David C. Nelson*
                       David C. Nelson (ARDC 6225722)
                       NELSON & NELSON, ATTORNEYS AT LAW, P.C.
                       420 North High Street, P.O. Box Y
                       Belleville, IL 62222
                       Tel:   618-277-4000
                       Email: dnelson@nelsonlawpc.com

                       *Attorneys for Plaintiff and the Putative Class*

Page 1 of 1
Case No: 24-LA-

Electronically Filed
Kinnis Williams, Sr.
Circuit Clerk
Darrius Smith
24LA0133
St. Clair County
1/25/2024 12:02 PM
26121881

**CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT
COUNTY OF ST. CLAIR, STATE OF ILLINOIS**

|  |  |  |
|---|---|---|
| TRICIA VINEYARD, individually, and on behalf of all similarly situated current citizens of Illinois,<br><br>    Plaintiff,<br><br>v.<br><br>LA TERRA FINA USA, LLC,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 24-LA-0133 |

## ENTRY OF APPEARANCE

NOW COMES MATTHEW H. ARMSTRONG and the law firm of ARMSTRONG

LAW FIRM LLC, and hereby enter their appearance as attorneys of record for the Plaintiff,

Tricia Vineyard, in the above-entitled proceedings.

Dated:  January 25, 2024                  Respectfully Submitted,


By:    */s/ Matthew H. Armstrong*_____
        Matthew H. Armstrong (ARDC 6226591)
        ARMSTRONG LAW FIRM LLC
        2890 W. Broward Blvd. Unit B, #305
        Ft. Lauderdale, FL 33312
        Tel:    314-258-0212
        Email: matt@mattarmstronglaw.com

        *Attorneys for Plaintiff and the Putative Class*

Electronically Filed
Kinnis Williams, Sr.
Circuit Clerk
Darrius Smith
24LA0133
St. Clair County
1/25/2024 12:02 PM
26121881

**CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT
COUNTY OF ST. CLAIR, STATE OF ILLINOIS**

| | | |
|---|---|---|
| TRICIA VINEYARD, individually, and on behalf of all similarly situated current citizens of Illinois, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 24-LA-0133 |
| LA TERRA FINA USA, LLC, | ) ) | |
| Defendant. | ) ) | |

**ENTRY OF APPEARANCE**

NOW COMES ROBERT L. KING and THE LAW OFFICE OF ROBERT L. KING, and hereby enter their appearance as attorneys of record for the Plaintiff, Tricia Vineyard, in the above-entitled proceedings.

Dated: January 25, 2024            Respectfully Submitted,


By:    /s/ Robert L. King
       Robert L. King (ARDC 6226591)
       THE LAW OFFICE OF ROBERT L. KING
       9506 Olive Blvd., Suite 224
       St. Louis, MO 63132
       Tel:    314-441-6580
       Email: king@kinglaw.com

       *Attorneys for Plaintiff and the Putative Class*

Electronically Filed
Kinnis Williams, Sr.
Circuit Clerk
Darrius Smith
24LA0133
St. Clair County
1/25/2024 12:02 PM
26121881

# CIRCUIT COURT FOR THE 20ᵀᴴ JUDICIAL CIRCUIT
## COUNTY OF ST. CLAIR, STATE OF ILLINOIS

|  |  |  |
|---|---|---|
| TRICIA VINEYARD, individually, and on behalf of all similarly situated current citizens of Illinois, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 24-LA-0133 |
| LA TERRA FINA USA, LLC, | ) ) ) | |
| Defendant. | ) | |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

COMES NOW Plaintiff, Tricia Vineyard, individually and on behalf of all other similarly situated current citizens of Illinois, by and through counsel and moves for certification of a class defined as follows:

> All current Illinois citizens who purchased "la terra fina" brand Artichoke & Jalapeño Dip & Spread, Cheesy Artichoke Dip & Spread, Chili Con Queso Dip, Everything But The Bagel Dip & Spread, Greek Yogurt Spinach & Parmesan Dip & Spread, Greek Yogurt Spinach Artichoke & Parmesan Dip & Spread, Green Chile & Cheese Dip & Spread, Mexicali Dip & Spread, Spinach Artichoke & Parmesan Dip & Spread and/or Sriracha Three Cheese Dip & Spread for personal, family, or household purposes from the five-year period prior to the filing of this Complaint up through the date of preliminary approval (the "Class Period").

> Excluded from the Class are: (a) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; (b) any entity in which Defendant has a controlling interest, to include, but not limited to, their legal representative, heirs, and successors; (c) all persons who are presently in bankruptcy proceedings or who obtained a bankruptcy discharge in the

last three years; and (d) any judicial officer in the lawsuit
and/or persons within the third degree of consanguinity to
such judge.

Section 2-801 of the Illinois Code of Civil Procedure sets forth the prerequisites needed to maintain a class action. Under section 2-801, a class may be certified only if the following four requirements are established: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members; (3) the representative parties will fairly and adequately protect the interests of the class; and (4) the class action is an appropriate method for the fair and efficient adjudication of the controversy." *Id.*

"To determine whether the proposed class should be certified, the court accepts the allegations of the complaint as true." *Clark v. TAP Pharmaceutical Products, Inc.,* 343 Ill.App.3d 538, 544-45 (5th Dist. 2003). "The trial court has broad discretion to determine whether a proposed class satisfies the requirements for class certification and should err in favor of maintaining class [certifications]." *Id.*

### 1.  The Class Is So Numerous that Joinder of All Members is Impracticable.

"[T]here is no magic number that clearly defines numerosity. Some evidence of the number of class members must be shown, but the exact class size is not required, and a good-faith estimate is sufficient when the number of class members is not readily ascertainable." *Smith v. Ill. Cent. R.R. Co.,* 363 Ill. App. 3d 944, 954 (5th Dist. 2005), *rev'd on other grounds,* 223 Ill. 2d 441 (2006). The Fifth District noted with approval that certification of "a class of 40 to 50 ... was sufficient to satisfy the numerosity requirement." *Id.* (citing *Sala v. Nat'l R.R. Passenger Corp.,* 120 F.R.D. 494, 497 (E.D. Pa. 1988)); *see also Cruz v. Unilock Chicago,* 383 Ill. App. 3d 752, 767-68 (1st Dist. 2008) (80 to 90 class members supported a finding of numerosity.). Where there are a number of potential claimants, and the individual amount claimed by each is small, making

redress on an individual level difficult, if not impossible, Illinois courts have been particularly receptive to proceeding on a class action basis. *P.J.'s Concrete Pumping Serv., Inc. v. Nextel W. Corp.*, 345 Ill. App. 3d 992, 1004 (2d Dist. 2004) ("The consumer class action is an inviting procedure to address alleged frauds that, like here, cause small damages to large groups").The proposed class here satisfies the numerosity requirement because there are at least hundreds of consumers who have purchased the offending Dips.

### 2. There Are Questions of Fact and Law Common to the Class and Common Questions Predominate Over Any Questions Affecting Only Individual Members.

"In order to satisfy the second requirement of section 2-801, namely that a common question of fact or law predominates over other questions affecting only individual class members, it must be shown that successful adjudication of the purported class representatives individual claims will establish a right of recovery in other class members." *Ramirez v. Midway Moving & Storage, Inc.*, 378 Ill. App. 3d 51, 54 (1st Dist. 2007) (quoting *Hall v. Sprint Spectrum, L.P.*, 376 Ill. App. 3d 822, 830-32 (5th Dist. 2007)). As long as there are questions of fact or law common to the class and these predominate over questions affecting only individual members of such class, the statutory requisite is met. *Id.*(citing *Slimack v. Country Life Insurance Co.*, 227 Ill.App.3d 287, 292 (5th Dist. 1992)).

> Determining whether issues common to the class predominate over individual issues requires the court to identify the substantive issues that will control the outcome, assess which issues will predominate, and then determine whether these issues are common to the class. Such an inquiry requires the court to look beyond the pleadings to understand the claims, defenses, relevant facts, and applicable substantive law.

*Id.* (citations omitted). "Once the basic determination has been made that a predominating common question of fact or law exists, the fact that there may be individual questions will not defeat the predominating common question. The requirement of individual proofs should not be a bar to a class action.

Certification require[s] only that there be either a predominating common issue of law or fact, not both. *Martin v. Heinold Commodities, Inc.*, 117 Ill. 2d 67, 81 (1994). And it has long been established that "[a] class action can properly be prosecuted where a defendant is alleged to have acted wrongfully in the same basic manner as to an entire class. In such circumstances, the common class questions still predominate the case, and the class action is not defeated." *Gordon v. Boden*, 224 Ill. App. 3d 195, 201 (1st Dist. 1991) (citations omitted). A common question may be shown when class members are aggrieved by the same or similar conduct. *Id.*

Among the several common, predominating questions this case presents (*see* Plaintiff's complaints for others) is this core question: whether ALDI Inc. unlawfully charged Plaintiff and class members for servings of Oats which they did not receive, in violation of the Illinois Consumer Fraud Act, thereby unjustly enriching itself.

### 3.  *Plaintiff Will Fairly and Adequately Protect the Interests of the Class.*

The purpose of the adequate representation requirement is to ensure that all class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim. *Walczak v. Onyx Acceptance Corp.*, 365 Ill. App. 3d 664, 678 (2d Dist. 2006). The test to determine the adequacy of representation is whether the interests of those who are parties are the same as those who are not joined. Plaintiff's interests are the same as those of class members because each was harmed in the same way, and each has the same interest in recovering for Defendant's unfair practices.

### 4.  *A Class Action Is an Appropriate Method for the Fair and Efficient Adjudication of the Controversy.*

The fourth requirement for class certification is that the class action is an appropriate method for fairly and efficiently adjudicating the controversy. *Ramirez*, 378 Ill. App. 3d at 56. In deciding whether the fourth requirement is met, a court considers whether a class action can best

secure economies of time, effort, and expense or accomplish the other ends of equity and justice that class actions seek to obtain. *Id.*

Consumer class actions are "often the last barricade of consumer protection." *Hall v. Sprint Spectrum L.P.*, 376 Ill. App. 3d 822, 834 (5th Dist. 2007). "Because a consumer class action provides restitution to the injured and deterrence to the wrongdoer, the ends of equity and justice are accomplished. Furthermore, because there are numerous class members and common questions, a class action serves the economies of time, effort, and expense and prevents possible inconsistent results." *Id.* The class action mechanism can best secure economies of time, effort, and expense or accomplish the other ends of equity and justice that class actions seek to obtain, because no individual class member would have the resources to pursue his or her claims absent the class mechanism, considering the amount in controversy for each claimant. In this case, as in *Hall*, "litigating the individual lawsuits would be a waste of judicial resources and addressing the common issues in one class action would aid judicial administration." *Id.*

Plaintiff expressly reserves the right to amend this motion as this case progresses.

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order (1) certifying the class as defined above; (2) appointing Plaintiff Tricia Vineyard as Class Representative; (3) appointing David C. Nelson, Matthew H. Armstrong, Robert L. King and Stuart L. Cochran as Co-Class Counsel, (4) and for such further relief as the Court determines fair and just.

> Tricia Vineyard, Individually, and on Behalf of a Class of Similarly Situated Individuals, Plaintiff

Dated: January 25, 2024     By:     */s/ David C. Nelson*
David C. Nelson (ARDC 6225722)
NELSON & NELSON, ATTORNEYS AT LAW, P.C.
420 North High Street, P.O. Box Y
Belleville IL 62220
Tel:    618-277-4000
Email: dnelson@nelsonlawpc.com

Matthew H. Armstrong (ARDC 6226591)
ARMSTRONG LAW FIRM LLC
2890 W. Broward Blvd. Unit B, #305
Ft. Lauderdale, FL 33312
Tel:    314-258-0212
Email: matt@mattarmstronglaw.com

Robert L. King (ARDC 6209033)
THE LAW OFFICE OF ROBERT L. KING
9506 Olive Blvd., Suite 224
St. Louis, MO  63132
Tel:    314-441-6580
Email: king@kinglaw.com

Stuart L. Cochran (*pro hac vice application forthcoming*)
Texas State Bar No. 24027936
CONDON TOBIN SLADEK THORNTON NERENBERG PLLC
8080 Park Ln, Ste 700
Dallas, TX 75231
Tel:    214-865-3804
Email: scochran@condontobin.com

*Attorneys for Plaintiff and the Putative Class*