UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRICIA VINEYARD, individually, and on behalf of all similarly situated persons,<br><br>       Plaintiff,<br><br>-v.-<br><br>LA TERRA FINA USA, LLC,<br><br>       Defendant. | Case No. 3:24-cv-00704-NJR |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
<u>PLAINTIFF'S FIRST AMENDED COMPLAINT</u>**

              **TABET DIVITO & ROTHSTEIN LLC**
              Daniel L. Stanner
              Amanda N. Catalano
              209 South LaSalle Street, 7th Floor
              Chicago, Illinois 60604
              Telephone: (312) 762-9450
              dstanner@tdrlaw.com
              acatalano@tdrlaw.com

              **COVINGTON & BURLING LLP**
              Steven J. Rosenbaum (*pro hac vice*)
              850 Tenth Street, N.W.
              Washington, D.C. 20001
              Telephone: (202) 662-6000
              srosenbaum@cov.com

              Andrew Leff (*pro hac vice*)
              620 Eighth Avenue
              New York, N.Y. 10018
              Telephone: (212) 841-1000
              aleff@cov.com

              *Attorneys for Defendant*
              *La Terra Fina USA, LLC*

Dated:  June 29, 2025

Defendant La Terra Fina USA, LLC ("La Terra Fina") submits this reply brief in support of its Motion to Dismiss. ECF No. 43 ("Mot."). While reply briefs should only be filed in "exceptional circumstances," Local Rule 7.1(a)(4), this brief is warranted because the Opposition (ECF No. 46, "Opp.") contends that some hyperlinks to judicially noticeable material in La Terra Fina's opening brief do not work. Opp. at 16. This brief provides working hyperlinks, and addresses (1) how they undermine Plaintiff's claims and (2) certain arguments advanced in the Opposition. Plaintiff's remaining arguments are refuted in La Terra Fina's opening brief.

The Court already dismissed Plaintiff's original pleading, and nothing in her Amended Complaint overcomes the deficiencies the Court identified. ECF No. 37. The Court should therefore dismiss the Amended Complaint with prejudice.

I. **MATERIALS CAPABLE OF JUDICIAL NOTICE UNDERSCORE PLAINTIFF'S FAILURE TO ADEQUATELY PLEAD THAT LA TERRA FINA'S PRODUCTS CONTAIN ARTIFICIAL CITRIC ACID.**

Plaintiff states in her Opposition that certain hyperlinks in La Terra Fina's opening brief were broken. Opp. at 16. La Terra Fina provides those hyperlinks again here, in working order.

As explained in La Terra Fina's opening brief, OMRI, an organization accredited by the federal Department of Agriculture to review and approve materials as compliant with federal organic regulations, lists on its website suppliers of citric acid it has deemed to be nonsynthetic. *See* Mot. at 12; *see also* OMRI, *Welcome to the Organic Materials Review Institute*, available at: https://www.omri.org (last visited June 29, 2025); OMRI, *OMRI Lists*, available at: https://www.omri.org/omri-lists (last visited June 29, 2025). Indeed, OMRI has certified several citric acid suppliers as producing citric acid that is "Allowed" for use as a *natural* "Non-Agricultural Ingredient." *See, e.g.*, OMRI, *Cofco Biochemical (Thailand) Co., Ltd.*, available at: https://www.omri.org/mfg/coo (last visited June 29, 2025); OMRI, *Sunshine Biotech*

*International Co., LTD*, *available at*: https://www.omri.org/mfg/sui (last visited June 29, 2025); OMRI, *Cascade Columbia Distribution*, *available at*: https://www.omri.org/mfg/cct (last visited June 29, 2025); *see also* Mot. at 12 & n.6.

Plaintiff argues that the Court should not take judicial notice of these OMRI webpages. Opp. at 15–16. But "[a] court may take judicial notice of facts that are (1) not subject to reasonable dispute and (2) either generally known within the territorial jurisdiction or capable of accurate and ready determination through sources whose accuracy cannot be questioned," *Ennenga v. Starns*, 677 F.3d 766, 773-74 (7th Cir. 2012), and Plaintiff advances no argument that these requirements are not met here. Therefore, as explained in La Terra Fina's opening brief, Mot. at 12 n.5, the Court should take judicial notice of the cited OMRI webpages.

Plaintiff's judicial notice objection is in any event just a distraction. The pages at the above hyperlinks demonstrate that, as determined by the Department of Agriculture-certified organization OMRI, certain companies manufacture, and their customers use, citric acid that is nonsynthetic and hence natural. *See* 7 C.F.R. § 205.2 (providing that "nonsynthetic" is, as a matter of federal law, synonymous with "natural"). Plaintiff pleads no facts suggesting that La Terra Fina is not one of them.

Instead, as Plaintiff acknowledges throughout her brief, her argument is merely one of probability. She argues that because 99% of food-grade citric acid is (allegedly) artificial, *see* Opp. at 2, 3, 8, 10; *see also* Am. Compl. ¶¶ 38, 39, La Terra Fina "more likely than not used manufactured, artificial citric acid," Opp. at 7. But *Twombly*, *Iqbal*, and their progeny foreclose such probability-based arguments. In *Tarzian v. Kraft Heinz Foods Co.*, the court dismissed claims analogous to Plaintiff's because the "allegations detail the practices commonly used to manufacture citric acid throughout the industry before concluding: 'Thus, Defendant's citric acid

is artificial.' That is too great of an inferential leap." 2019 WL 5064732, at *4 (N.D. Ill. Oct. 9, 2019).  Plaintiff tries to distinguish *Tarzian* by noting that she alleges that 99% of citric acid is artificial whereas in *Tarzian* the plaintiff alleged only that citric acid is "usually" produced artificially.  Opp. at 10.  But that does not make her argument any less probability-based.  Plaintiff also ignores—for the second time—*Valencia v. Snapple Beverage Corp.*, where the plaintiff alleged that "none" of the citric acid used in food is natural.  2024 WL 1158476, at *5 (S.D.N.Y. Mar. 18, 2024) (cited Mot. at 7, 8).  The *Valencia* court refused to impute this alleged industry practice to the defendant's actual conduct, however, and dismissed the plaintiff's complaint.  *Id.*  The same result should obtain here.

Indeed, Plaintiff's theory of pleading—that she can state a claim regarding the purported artificiality of *the citric acid in La Terra Fina's products* without proffering a single factual allegation specific to *the citric acid in La Terra Fina's products*—would lead to absurd results.  Under Plaintiff's theory, because some food manufacturers use artificial citric acid, those that use natural citric acid would lose Rule 12 motions and need to endure (disproportionately) burdensome discovery simply to vindicate their right to inform consumers that their products contain no artificial preservatives.  This result would contravene the Supreme Court's dictate that Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

Plaintiff responds by accusing La Terra Fina of seeking to hold her to "a heightened pleading standard" that would supposedly "violate Plaintiff's seventh amendment right to a jury determination of [La Terra Fina]'s liability."  Opp. at 8.  This argument is unavailing in several respects.  <u>First</u>, La Terra Fina is only seeking to hold Plaintiff to the standard articulated in *Twombly* and *Iqbal*, which, as explained, requires her to set forth credible facts **specific to La**

***Terra Fina*** to plead a cognizable claim. *See* Mot. § III.B.1. This she has failed to do. *See id.* §§ III.B.2–4. <u>Second</u>, dismissal on the pleadings does not violate Plaintiff's right to a jury trial. *Cf. Iqbal*, 556 U.S. at 679 ("only a complaint that states a plausible claim for relief survives a motion to dismiss"). If it were otherwise, no court could ever grant a Rule 12 motion. <u>And third</u>, Rule 12 dismissal of ICFA claims is routine in this District and elsewhere. *E.g.*, *Wienhoff v. Conagra Brands, Inc.*, 626 F. Supp. 3d 1015, 1026 (S.D. Ill. 2022) (Rosenstengel, C.J.) (granting motion to dismiss ICFA claim regarding pudding label); *Akers v. Costco Wholesale Corp.*, 631 F. Supp. 3d 625, 634 (S.D. Ill. 2022) (Rosenstengel, C.J.) (granting motion to dismiss ICFA claim regarding sparkling water label); *cf. Floyd v. Pepperidge Farm, Inc.*, 581 F. Supp. 3d 1101, 1109 (S.D. Ill. 2022) ("A court may dismiss an ICFA claim at the pleading stage if the [challenged] statement is not misleading as a matter of law." (cleaned up)).

Plaintiff's citation to *Kremers v. The Coca-Cola Co.*, 714 F. Supp. 2d 912 (S.D. Ill. 2009) (cited Opp. at 8), is therefore beside the point. *Kremers* dealt not with whether an ICFA claim may be dismissed on the pleadings—it can, *see supra*—but whether an ICFA claim that proceeds to trial can be tried by a jury rather than a judge. *Id.* at 918–19. *U.S. ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849 (7th Cir. 2009) (cited Opp. at 9–10), does not help Plaintiff either. That complaint alleged facts specific to the defendant's conduct. *Id.* at 853–54 (the complaint alleged, for example, the terms of the contracts the defendant signed, and the defendant's knowledge that the parts it manufactured failed to meet the specifications in those contracts). Plaintiff's Amended Complaint, by contrast, alleges nothing of the sort. *See supra*.

Finally, Plaintiff's Opposition is notable for what it does not do: point to any allegation in the Amended Complaint regarding *the citric acid used in La Terra Fina's products*. As explained, the Amended Complaint pleads no such facts, alleging instead mere "reasons to

4

believe" that La Terra Fina uses artificial citric acid. *See* Mot. at 8. But these alleged "reasons" are merely inferences Plaintiff wants the Court to draw and not, as required by *Twombly* and *Iqbal*, "factually substantiated allegation[s.]" *Id.* Her Amended Complaint should be dismissed.

## II. PLAINTIFF FAILS TO SAVE HER NON-ILLINOIS CLAIMS.

As La Terra Fina explained and as Plaintiff does not dispute, the non-Illinois members of the putative class cannot bring ICFA claims. *See* Mot. § III.C.3. Nor does Plaintiff have statutory standing to bring claims on behalf of those non-Illinois class members under non-Illinois statutes. Plaintiff disagrees, but her cited decisions deal with Article III standing, not statutory standing. *See Bohen v. ConAgra Brands, Inc.*, 2024 WL 1254128, at *4 (N.D. Ill. Mar. 25, 2024) (cited Opp. at 22–23) (plaintiffs had standing because they suffered "a recognizable injury under Article III"); *Williams v. State Farm Mut. Auto. Ins. Co.*, 678 F. Supp. 3d 980, 1014 (N.D. Ill. 2023) (cited Opp. at 24) ( "Plaintiffs have demonstrated Article III standing"); *cf. Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 97 (1998) (statutory standing has "nothing to do with" Article III standing).

Plaintiff also attempts to reframe La Terra Fina's position as "whether Plaintiff can serve as a class representative for a multi-state class," which she urges the Court to defer until the class certification stage. Opp. at 23–24. But La Terra Fina's argument is much narrower: Plaintiff lacks statutory standing to bring claims under—and thus represent absent putative class members bringing claims under—non-Illinois consumer protection statutes. Mot. at 17. Courts routinely dismiss multi-state claims in analogous circumstances. For example, in *Gray v. Abbott Lab'ys, Inc.*, the court dismissed claims the plaintiff purported to bring "on behalf of unnamed 'alternative State Class' members in ten other states, citing the consumer protection statutes of those jurisdictions." 2011 WL 3022274, at *8 (N.D. Ill. July 22, 2011). The Court should do likewise here.

5

Dated:  June 29, 2025

Respectfully submitted,

By: */s/ Amanda N. Catalano*

**TABET DIVITO & ROTHSTEIN LLC**
Daniel L. Stanner
Amanda N. Catalano
209 South LaSalle Street, 7th Floor
Chicago, Illinois 60604
Telephone: (312) 762-9450
dstanner@tdrlaw.com
acatalano@tdrlaw.com

**COVINGTON & BURLING LLP**
Steven J. Rosenbaum (*pro hac vice*)
850 Tenth Street, N.W.
Washington, D.C. 20001
Telephone: (202) 662-6000
srosenbaum@cov.com

Andrew Leff (*pro hac vice*)
620 Eighth Avenue
New York, N.Y. 10018
Telephone: (212) 841-1000
aleff@cov.com

*Attorneys for Defendant La Terra Fina USA, LLC*

## CERTIFICATE OF SERVICE

    I, Amanda Catalano, hereby certify that on June 29, 2025 a true and accurate copy of the foregoing was electronically filed with the Clerk of Court by using the Court's CM/ECF system, to be served via operation of the Court's electronic filing system upon all counsel of record.

*/s/ Amanda N. Catalano*
Amanda N. Catalano
